# Exhibit A



Henry E. Mazurek  
*Partner*  
Direct (212) 655-3594  
Fax (212) 655-3535  
hem@msf-law.com  

May 16, 2024

**Via Email**

Jonathan Fayer  
Carolyn Silane  
Marko Pesce  
Assistant United States Attorneys  
United States Attorney's Office  
District of New Jersey  
970 Broad Street, 7th Floor  
Newark, New Jersey 07102

  Re: *United States v. Weinstein*, et ano., **24 Cr. 128 (MAS)**

Dear Counsel:

  We write on behalf of our client Eliyahu Weinstein to request that the government furnish any discovery materials not previously provided so that Mr. Weinstein may adequately prepare for trial and the defense can make any necessary pretrial motions.

  To that end, please provide a separate response to each discovery request below and indicate the number (or letter) of the request to which you are responding. If the government does not have a requested item in its possession, we ask for a statement indicating that such materials do not exist or are not in the government's possession. Similarly, if the government believes it has already fully or partially complied with a particular request, please respond with a statement to that effect, identifying where within the discovery production such material was produced. If the government is aware that a requested item exists, but does not have the item in its possession and cannot obtain it, we request that the government disclose the location and description of the item. If you would like to meet and confer regarding any of these requests, please let us know.

  We hereby request immediate production of any and all Documents or Information in the possession, custody, and control of the government pursuant to *Brady v. Maryland,* 373 U.S. 83 (1963), and its progeny, including *Giglio v. United States,* 405 U.S. 150 (1972), *United States v. Bagley*, 473 U.S. 667 (1985), *United States v. Augurs,* 427 U.S. 97 (1976), and *Kyles v. Whitley*, 514 U.S. 419 (1995) (hereinafter "*Brady/Giglio* Material"), the Fifth and Sixth Amendments to the Constitution of the United States, and all applicable law.

  Set forth below are specific examples of Documents or Information in the possession, custody, and control of the government, which it is obligated to disclose as *Brady/Giglio* Material, including but not limited to the specific examples below. We are seeking these items to (i) have sufficient time to conduct any necessary investigation; (ii) enable the defense to

Government Counsel
May 16, 2024
Page 2 of 8

determine what, if any, pretrial motions to file; and (iii) enable counsel to prepare for trial, including the identification of relevant witnesses. We respectfully request that the government produce these materials on or before May 31, 2024.

"Documents or Information" means all documents, objects, communications, statements of witnesses, and any other evidence and information and/or notes or recordings related thereto in possession, custody, or control of the United States Department of Justice, and/or the United States Attorney's Office for the District of New Jersey. It includes all Documents or Information in the possession, custody, or control of the Federal Bureau of Investigation ("FBI"), and thus requires a search of the FBI's emails, text messages, and documents, including the emails of the case agent(s) and any other law enforcement agent or officer working on the matter. It also includes Documents or Information in the possession, custody, and control of the Securities and Exchange Commission and its Staff, and any federal, state or local agencies that have provided assistance to your Office or concurrently investigated the matters at issue in this proceeding. Each request is continuing in nature, and we request prompt notice in the event that responsive Documents or Information come to the government's attention at any point in the future.

Each of the examples enumerated below seeks Documents or Information that (i) may tend to exculpate Mr. Weinstein; (ii) may be favorable to the defense; (iii) may tend to affect the weight and/or credibility of the evidence to be presented by the government at trial, including any material that may tend to impeach the credibility of either documentary evidence or testimony; and/or (iv) would tend to reduce the punishment imposed if a conviction is obtained, including the application of the United States Sentencing Guidelines.

Each of the examples enumerated below specifically includes all statements made by witnesses to law enforcement officials, whether such statements were memorialized or not. *See United States v. Rodriguez,* 496 F.3d 221 (2d Cir. 2007) (holding that when prosecution is in possession of material information that impeaches its witnesses or exculpates the defendant, it may not avoid its *Brady/Giglio* obligation to disclose such information by not writing it down). Likewise, the examples enumerated below specifically include all statements to law enforcement officials regardless of whether the government credits such statements or whether the witness has recanted the statement.

Reserving our rights to provide you with additional examples, and in no way limiting our demands to these examples, we seek all *Brady/Giglio* Material, including the following:

1. Copies of all documents, statements, and any other evidence, including but not limited to, a written summary of all oral evidence and statements, now known to the government, which may become known, or which through due diligence may be learned from the investigating agents or witnesses in this case or persons interviewed in connection with the investigation, which are exculpatory in nature or favorable to Mr. Weinstein, which tends to negate or mitigate the guilt of Mr. Weinstein as to the offenses charged, or which would tend to reduce the punishment therefor.

2. Any and all statements by any co-defendant to the United States Attorney's Office, the FBI, and/or the SEC reflecting that said co-defendants made any statement(s) exculpating Mr. Weinstein.

3. Any and all statements by any witness to the U.S. Attorney's Office, the FBI, and/or the SEC reflecting doubt that Mr. Weinstein participated in any scheme alleged in the Indictment.

4. Any and all statements by any witness to the U.S. Attorney's Office, the FBI, and/or the SEC reflecting doubt that any scheme alleged in the Indictment occurred.

5. Any and all statements by any witness to the U.S Attorney's Office, the FBI, and/or the SEC reflecting that Mr. Weinstein was a truthful person and/or a person of good character.

6. Any and all statements by any witness to the U.S Attorney's Office, the FBI, and/or the SEC that Mr. Weinstein never misled him/her by statements or omission or expressing doubt that Mr. Weinstein misled him/her by statement or omission.

7. Any and all Documents or Information reflecting the accuracy of any of Mr. Weinstein's statements concerning the manufacture, distribution, or existence of any products referred to in the Indictment (collectively, the "Products")—including PPE, first aid kits, and baby formula—or reflecting that the statements were believed by Mr. Weinstein to be accurate at the time they were made, or that he did not knowingly participate in any scheme to falsely claim that he had access to produce the Products.

8. Any and all Documents or Information reflecting that any of Mr. Weinstein's statements concerning access to the Products, the availability to produce, or communications with producers of the products referred to in the Indictment were accurate, or believed by Mr. Weinstein to be accurate at the time they were made.

9. Any and all Documents or Information reflecting the accuracy of any of Mr. Weinstein's statements concerning access to or production of the Products, or that Mr. Weinstein was unaware of false statements by other alleged co-conspirators concerning the availability to fulfill purchase order or production needs for customers.

10. Any and all Documents or Information reflecting Mike Kogin—distinct from "Mike Konig"—and Barry Wexler's involvement in conducting, preparing or assisting in transactions involving the Products, including communications with the charged and uncharged alleged co-conspirators.

11. Any and all Documents or Information reflecting that Mr. Weinstein believed that the terms of the lending agreements referred to in the Indictment were unsecured, and not conditioned on any specific asset purchase.

12. Any and all Documents or Information reflecting that Mr. Weinstein was unaware of the terms and conditions of lending agreements between Tryon or Optimus Investments and their respective lenders.

Government Counsel
May 16, 2024
Page 4 of 8

13. Any and all Documents or Information, evincing or suggesting that Anderson, Curry, or Tryon were aware that lender money was being used to pay other lenders.

14. Any and all Documents or Information, reflecting Weinstein, Curry, and Anderson's business dealings with Saniton, particularly after Curry and Anderson allegedly learned of Weinstein's involvement in August 2022.

15. Any and all Documents or Information reflecting that Mr. Weinstein obtained an equity interest in Saniton Plastics prior to meetings among alleged co-conspirators in the summer of 2022.

16. Any and all statements by any witness to the U.S Attorney's Office, the FBI, and/or the SEC reflecting the value of Saniton Plastics during the times alleged in the Indictment.

17. Any and all statements by any witness to the U.S Attorney's Office, the FBI, and/or the SEC reflecting the transfer of membership shares or equity in Saniton Plastics during the times alleged in the Indictment.

18. Any and all statements by any witness to the U.S Attorney's Office, the FBI, and/or the SEC reflecting communications with members, employees or staff of local government agencies in the American Samoa involving the purchase and/or receipt of the Products referred to in the Indictment.

19. Any and all statements by any witness to the U.S Attorney's Office, the FBI, and/or the SEC reflecting that Richard Curry or Christopher Anderson or Allah Hattab communicated with any other alleged co-conspirator about taking equity interest from Mr. Weinstein in Saniton Plastics during any of the times alleged in the Indictment.

20. Any and all Documents or Information concerning or related to the flow of money any lender transferred to Optimus and Tryon.

21. Any and all Documents or Information demonstrating *bona fide* returns from any deals or investments of Optimus, Tryon, and Saniton.

22. Any and all Documents or Information evidencing the source of any payments to lenders in Optimus and Tryon.

23. Any exculpatory Documents or Information given before the grand jury.

24. Any and all Documents or Information concerning proffers made to the government by any potential witness containing statements that may tend to exculpate Mr. Weinstein.

125 Park Avenue, 7th Floor, New York, NY 10017   |   Phone (212) 655-3500   |   Fax (212) 655-3535   |   meisterseelig.com

25. Any and all Documents or Information concerning proffers made to the government by counsel on behalf of any defendant or potential witness containing statements that may tend to exculpate Mr. Weinstein.

26. Any and all Documents or Information revealing prior criminal convictions, guilty verdicts or juvenile adjudications including but not limited to relevant "rap sheets," arrests, indictments, complaints, informations, and bail violations of each witness the government intends to call at trial. If the government does not have copies of any or all of these items, we request the dates and places of such arrests, indictments, complaints, informations, and bail violations, the charges brought, and the disposition of those charges.

27. Any and all Documents or Information revealing prior or subsequent misconduct, criminal acts or bad acts of any witness the government intends to call at trial, including, without limitation, allegations of criminal conduct of which the government knows, or through reasonable diligence, should have reason to know.

28. The dates and a description of any and all considerations or promises of consideration given during the course of the investigation and preparation of this matter by an United States or foreign law enforcement official (including prosecutors or agents, police or infomers) to or on behalf of any witness the government intends to call at trial, or any such consideration or promises expected or hoped for by any such witness at any future time. Such "considerations" include anything that arguably could be of value or use to a witness or anyone related the witness by blood or marriage, including but not limited to: (i) formal or informal, direct or indirect, leniency, favorable treatment or recommendations or other assistance with respect to any pending or potential criminal, parole, probation, pardon, clemency, civil, immigration, administrative, or other matter involving the state or federal government, any other authority, or other parties; (ii) civil, criminal, or tax immunity grants; (iii) relief from forfeiture; (iv) payments of money, rewards, fees, witness fees, or special witness fees; (v) provisions of food, clothing, transportation, legal services, or other benefits; (vi) letters to anyone informing the recipient of the witness's cooperation; (vii) recommendations concerning licensure, certification, or registration; (viii) promises to take affirmative action to help the status of the witness in a profession, business, or employment, or promises not to jeopardize such status; (ix) aid or efforts in securing or maintaining the business or employment of a witness; and (x) anything that arguably could reveal an interest, motive, or bias in the witness in favor of the prosecution or against Mr. Weinstein, or act as an inducement to testify, to color the witness's testimony, or otherwise to show favor to the government and/or to testify unfavorably against Mr. Weinstein. The government is requested to include copies of all memoranda of understanding between the government and its witnesses, whether by way of correspondence with counsel for a witness, or otherwise.

29. Any and all statements – formal and informal, oral or written – by the government, its agents, and representatives to any person (including counsel for such persons or counsel for such person's employer) whom the government intends to call as a witness at trial pertaining in any way to the possibility, likelihood, course, or outcome

Government Counsel
May 16, 2024
Page 6 of 8

of any government action – state or federal, civil or criminal – or immigration matters against the witness, the witness's employer, or anyone related by blood or marriage to the witness.

30. Any and all threats, express or implied, direct or indirect, or other coercion directed against any witness the government intends to call at trial; any criminal prosecutions, investigations, or potential prosecutions pending or which could be brought against any such witness; any probationary, parole, deferred prosecution or custodial status of any such witness; and any civil, tax court, court of claims, administrative, immigration, or other pending or potential legal disputes or transactions involving any such witness and the state or federal government, or over which the state or federal government has real, apparent, or perceived influence.

31. A list of any and all requests, demands, or complaints made to the government by the witness which arguably could be developed on cross-examination to demonstrate any hope or expectation on the part of the witness for favorable governmental action on his/her behalf (regardless of whether or not the government has agreed to provide any favorable action).

32. Any request prepared by the government for permission to grant immunity or leniency for any witness or a witness's employer, whether or not such request was granted.

33. Any and all records pertaining to any civil lawsuits between Mr. Weinstein or Optimus or Mr. Bromberg on the one hand any potential government witness, or any company with which any witness may be or may have been affiliated, on the other hand, including, without limitation, records or statements pertaining to the investigation, conduct and disposition of such litigation.

34. Any statements or documents, including but not limited to grand jury testimony and federal, state, and local tax returns, made or executed by a potential government witness which the government knows, or through reasonable diligence, should have reason to know are false.

35. Any written or oral statement, whether or not reduced to writing, made by any potential government witness, which in any way contradicts or is inconsistent with or different from other oral or written statements that the person has made, and any such statement made by any person, whether a witness or not, which in any way contradicts, or is inconsistent with or different from any statement made by a potential government witness.

36. A copy of all medical and psychiatric report, or any other document or information known to the government or which can reasonably be known to the government concerning any witness the government intends to call at trial which may arguably affect the witness's credibility, ability to perceive or relate or recall events (including, but not limited to, all evidence, either documentary or otherwise, that any person who

Government Counsel
May 16, 2024
Page 7 of 8

is a government witness is or was suffering from any physical or mental disability; emotional disturbance; or any use, dependence, or addiction to drugs or alcohol at any time during the period encompassing the acts alleged in the Indictment to the present).

37. Any Documents or Information not otherwise specified herein that reflect or evidence (i) the motivation of any government witness or the witness's employer to cooperate with the government; (ii) the competency or credibility of the witness; or (iii) the witness's bias or hostility against Mr. Weinstein or Optimus or Tryon.

38. The existence and identification of each occasion on which any potential government witness, including any witness who is or was an informer, accomplice, co-conspirator, or expert, has testified before any court, or other tribunal or body, or otherwise has given an official narration, in relation to Mr. Weinstein, Mr. Bromberg, the investigation, or the facts of this case.

39. A list of all other judicial proceedings involving a criminal matter in which any person who is a potential government witness in this action participated as a witness, was identified as an unindicted co-conspirator, and aider or abettor, or was charged as a defendant.

40. Any statements read or given by the government to the departments of Pretrial Services or Probation Office in connection with the prosecution or conviction of any potential government witness.

41. A copy of all letters and/or memoranda written to the Court in connection with the sentencing of any potential government witness.

42. Copies of any and all records of law enforcement or other governmental agencies reflecting intra-departmental disciplinary action taken against any law enforcement or agency official who will, or is expected to testify in this proceeding, including all such records from any governmental agency for which the witness previously worked.

43. Copies of any and all records of any law enforcement or other governmental agency reflecting any commendations, awards, or recognition of any kind received by, or requests for any commendations, awards, or recognition of any kind made by, any government agent or law enforcement officer for any work, action, or conduct undertaken in connection with the investigation and prosecution of this case.

44. Any and all other records and/or information that arguably could be helpful or useful to Mr. Weinstein's defense by way of impeachment or otherwise detracting from the probative force of the government's evidence.

Aforementioned requests include all such information that, while not in the immediate possession of the government, is uniquely accessible to it. If the government does not possess,

Government Counsel
May 16, 2024
Page 8 of 8

but is aware of, information or materials that would or may be *Brady, Giglio*, and/or *Bagley* material, but believes the material can be obtained by Mr. Weinstein by *subpoena duces tecum,* please so advise.

      We reserve the right to amend or supplement the requests for Documents or Information set forth herein. Please let us know if you have any questions regarding these requests or wish to discuss them.

      Very truly yours,

*Henry Mazurek*

Henry E. Mazurek
Ilana Haramati
*Counsel for Defendant Eliyahu Weinstein*