**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>ELIYAHU WEINSTEIN, *et al.*, | Criminal Action No. 24-128 (MAS)<br><br>**MEMORANDUM ORDER** |

This matter comes before the Court upon: (1) Defendant Eliyahu Weinstein's ("Defendant") ex parte application for the issuance of subpoenas *duces tecum* pursuant to Federal Rule of Criminal Procedure 17(c);[1] and (2) this Court's subsequent order to show cause as to why Defendant's application should proceed ex parte. Defendant submitted a response to the Court's order to show cause by e-mail correspondence. On June 20, 2024, Defendant filed notice of the ex parte application (ECF No. 110), and the Government opposed (ECF No. 111). After carefully reviewing Defendant's application and response, this Court grants Defendant's application and will allow it to proceed ex parte.

Issuance of a pretrial subpoena under Rule 17(c) is generally proper when the moving party can establish:

> (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.'

---

[1] Hereinafter, all references to Rule or Rules refer to the Federal Rules of Criminal Procedure.

*United States v. Nixon*, 418 U.S. 683, 699-700 (1974). These requirements may be shorthanded as "(1) relevancy; (2) admissibility; [and] (3) specificity." *Id.* at 700.

Based on the information presented in the ex parte application, the Court finds that the issuance of the subpoenas in its proposed form is appropriate.[2] The Court also finds that Defendant proceeding with the subpoenas ex parte is "justified by [an] exceptional circumstance." *United States v. Fulton*, No. 13-261, 2013 WL 4609502, at *2 (D.N.J. Aug. 29, 2013) (explaining that to proceed ex parte, the moving party must demonstrate the *Nixon* requirements as well as an "exceptional circumstance" that justifies proceeding ex parte). Here, Defendant asserts that he is unable to make the required showing under *Nixon* without revealing trial strategy, which sufficiently satisfies the "exceptional circumstance" requirement of proceeding ex parte. *See id.* (citing cases recognizing that exposing trial strategy satisfies the required "exceptional circumstance"). The Court will maintain the application itself under seal, based on expressed concerns about revealing trial strategies, which are articulated in Defendant's application.

As previously stated by this Court in another matter involving an ex parte subpoena,

> [t]he subpoena itself will also be maintained under seal. It may be anticipated that the subpoenaed party will have objections to certain of the requests. Such objections, whether under the *Nixon* standard, claims of privilege, or any other basis, may be asserted through ex parte correspondence to the Court filed under seal. If the subpoenaed party objects to the subpoena on any grounds, the Court may solicit the views of the Government. If objections are sustained, however, certain information may never see the light of day, making the sealing issues moot. Without having seen such objections, it is difficult for the Court to say any more.

*United States v. Khaimov*, No. 18-462, 2023 WL 2744062, at *1 (D.N.J. Mar. 31, 2023).

---

[2] The Court notes that its decision today is limited to the *issuance* of Defendant's Rule 17(c) ex parte subpoenas. The Court does not address the substance of documents sought through the subpoenas, or the merit of future motions that may follow.

Documents obtained in response to the subpoenas will be shared on an equal basis with both sides.

For these reasons, and other good cause shown:

IT IS, on this 3rd day of July 2024, **ORDERED** as follows:

1. Defendant's ex parte application for issuance of Rule 17(c) subpoenas is **GRANTED**.

2. The requested subpoenas *duces tecum* shall be issued by the Clerk of Court.

3. The materials requested therein shall be produced within 30 days after service of the subpoena upon the recipient.

4. The subpoenas and requests therein shall not be disclosed to the United States Attorney's Office without prior authorization from this Court.

5. Any motion to quash or objections shall be submitted to the Court ex parte and under seal simultaneously with the production date, and any documents not objected to shall be produced.

6. Counsel for Defendant shall coordinate with the Clerk of Court regarding the signing and dating of the subpoenas.

7. A copy of this Memorandum Order shall be served with the subpoenas.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE