**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

CHAMBERS OF
**MICHAEL A. SHIPP**
UNITED STATES DISTRICT JUDGE

CLARKSON S. FISHER FEDERAL
BUILDING & U.S. COURTHOUSE
402 EAST STATE STREET
TRENTON, N.J. 08608
609-989-2009

February 16, 2025

**VIA CM/ECF**
All counsel of record

> Re:    **United States v. Weinstein**
>        **Criminal Action No. 24-128 (MAS)**

Dear Counsel:

This matter comes before the Court by way of correspondence set forth by the parties, which addresses outstanding issues remaining after the Court's pretrial conference on February 14, 2025. (Feb. 14 Correspondence, ECF No. 283.) There are two issues remaining: (1) redactions to court records; and (2) hypothetical questions. (*See generally id.*) The Court addresses each issue in turn.

**I.    Redactions to Court Records**

The parties have represented that after meeting and conferring, they still dispute what documents can be admitted and what information should be redacted for certain court records concerning Defendant Eliyahu Weinstein's ("Weinstein") prior offenses, supervised release conditions, restitution, and other isues. (*Id.* at 1.) The parties have reached certain agreements and stipulations that have reduced the universe of documents at issue from the time when the Court first addressed the parties' motions *in limine*. (Feb. 14 Correspondence 1-2.) Specifically, the Government has agreed not to introduce records of Weinstein's restitution payments over time (*id.* at 3), and the parties agreed to a stipulation concerning the lack of accounts in Weinstein's prior presentence investigation reports (*id.*). As the Court understands it, the documents still at issue (the

"Proposed Documents") are: (1) Amended Judgments from Crim. No. 11-701, ECF No. 203 and copy signed by Weinstein on February 3, 2021, and from Crim. No. 14-219, ECF No. 93; (2) the February 24, 2021 consent order modifying the terms of Weinstein's supervised release, Crim. No. 11-701, ECF No. 220; and (3) the December 13, 2022 report filed by Weinstein's United States Probation Officer with the Court, Crim. No. 14-219, ECF No. 98. (*See* Feb. 14 Correspondence, Exs. A & B.)

Defendants "object to the introduction of any of the [P]roposed [D]ocuments." (*Id.*) In the alternative, Defendants have provided proposed additional redactions to the Proposed Documents that address their concerns regarding the risk of improper propensity evidence. (*Id.* at 1-2.)

As an initial matter, the Court finds that the Proposed Documents are admissible, albeit with redactions to ensure that the danger of undue prejudice does not substantially outweigh its probative value. (*See* MIL Mem. Op. 4-5, ECF No. 260 (directing the parties to meet and confer concerning the redactions of certain documents regarding Weinstein's prior convictions).) The Court, therefore, rejects Defendants' argument that the documents should not be introduced at all and moves on to address the extent of the redactions that the Government must make to reduce the amount of prejudice. The types of redactions still disputed by the parties concern: (1) the nature of Weinstein's prior fraud convictions; and (2) the amount of Weinstein's restitution order. (Feb. 14 Correspondence 1.) The Court addresses these concerns in turn.

A.    **Nature of Prior Convictions**

Defendants argue that the nature of Weinstein's prior convictions must be redacted because it is inflammatory and yet has little probative value. (*Id.* at 1.) In particular, Weinstein argues that the risk of prejudice due to propensity is amplified here, where the defendant is on trial for a similar offense. (*Id.* at 1-2.) The Government argues in opposition that "[t]he mere fact of [Weinstein's]

convictions with nothing else presents a misleading picture to the jury." (*Id.* at 2.) The Court agrees.

The Court has previously held that "[m]erely stating that Weinstein had a bad reputation or owes large sums of money does not have the same probative value, and it does not prove the Government's specific allegations as alleged." (Pretrial Mot. Op. 25, ECF No. 256.) The Court takes this opportunity to clarify that merely stating that Weinstein has a previous conviction also does not have the same probative value and does not prove the Government's specific allegations as alleged. (*See* Superseding Indictment 7-9.) While undoubtedly prejudicial under Federal Rule of Evidence[1] 403, the specific fact that Weinstein was previously convicted of investor fraud has particularly high probative value. A conviction for investor fraud would be highly material to investors' decisions to invest their money, whereas a conviction for a crime unrelated to investing would simply not carry the same high probative value. *See United States v. Sterritt*, 678 F. Supp. 3d 317, 338 (E.D.N.Y. 2023) (admitting evidence of a defendant's prior securities fraud conviction where "the details of that conviction would have been of particular interest to . . . investors and could have tipped them off to the possibility that they were being defrauded"). The Court, accordingly, directs the parties to leave the details of the nature of the convictions unredacted in the Proposed Documents.

B.    **Amount of Restitution**

Defendants argue that the amount of Weinstein's prior restitution order is inflammatory and "renders the risk of prejudice due to propensity overwhelming." (Feb. 14 Correspondence 1.) The Government argues in opposition that the amount of Weinstein's restitution is intrinsic to prove materiality for the fraud and false statement charges. (*Id.* at 2.) The Court disagrees.

---

[1] All references to a "Rule" or "Rules" hereinafter refer to the Federal Rules of Evidence.

The Court finds that the probative value of Weinstein's approximately $230 million previous restitution order is substantially outweighed by danger of unfair prejudice under Rule 403. The Government may prove its case with the fact that Weinstein had a restitution order alone, and by limiting the Government to introducing this fact, the danger of undue prejudice is mitigated. *See United States v. Peperno*, No. 21-287, 2022 WL 2231599, at *7 (M.D. Pa. June 21, 2022) (noting that the risk of undue prejudice is reduced where "during [the Government's] case-in-chief it will only establish that [defendant] was subject to a restitution obligation ordered pursuant to a prior federal conviction"). The Court, accordingly, orders that the amount of Weinstein's prior restitution order is to be redacted from the Proposed Documents.

The parties are directed to meet and confer concerning redactions to the Proposed Documents in accordance with the Court's findings above.

II.    **Hypothetical Questions**

The Government states that it intends to use hypothetical questions to some witnesses and offers to provide "written proffers as to the general types of hypothetical questions it intends to ask each type of witness" and "verbal proffers of the types of hypothetical questions it intends to ask each witness on the day before his or her testimony" to avoid undue delay during trial. (Feb. 14 Correspondence 3.) The Court will permit the Government to do so. The Government shall send e-filed correspondence to the Court with its written proffers before the start of trial.[2]

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

---

[2] The Government shall e-file the written proffers as to the general type of hypothetical questions it intends to ask each type of witness by February 17, 2025 at 3:00 P.M. The Government shall make the verbal proffers of the types of hypothetical questions that the Government intends to ask each witness to Defendants by 5:00 P.M. the day before the witness's testimony. If there are any disputes between the parties regarding the verbal proffer, they shall e-file correspondence with the Court no later than 7:00 P.M. the day before the witness's testimony.